## Gut *v.* The State.

1. A law of a State changing the place of trial from one county to another county in the same district, or even to a different district from that in which the offence was committed, or the indictment found, is not an *ex post facto* law, though passed subsequent to the commission of the offence or the finding of the indictment. An *ex post facto* law does not involve, in any of its definitions, a change of the place of trial of an alleged offence after its commission.
2. The decision of the highest court of a State, that an act of the State is not in conflict with a provision of its constitution, is conclusive upon this court.

Error to the Supreme Court of Minnesota. The case was thus:

A statute of Minnesota, in force in 1866, required that criminal causes should be tried in the county where the offences were committed. The offence charged against the defendant was committed in December of that year, in the

county of Brown, in that State. At that time four other counties, which were unorganized, were attached to Brown County for judicial purposes. On the 9th of March, 1867, a statute was passed by the legislature of the State authorizing the judge of the District Court, in cases where one or more counties were attached to another county for judicial purposes, to order, whenever he should consider it to be in furtherance of justice, or for the public convenience, that the place of holding the court should be changed from the county then designated by law to one of the other counties thus attached.

Under this act the judge of the district embracing Brown County ordered that the place of holding the court should be changed from that county to the county of Redwood, within the same district, and the change was accordingly made. The court subsequently held its sessions in Redwood County, where the defendant, in September, 1867, was indicted for murder in the first degree. The plea of not guilty having been interposed the case was transferred, on his motion, to Nicollet County, in an adjoining district, where he was tried, convicted, and sentenced. On appeal to the Supreme Court of the State the judgment was affirmed, and the case was now brought to this court under the 25th section of the Judiciary Act.

*Mr. E. M. Wilson, for the plaintiff in error,* contended in this court, as it was also contended in the court below, that the act of Minnesota, under which the court was held in Redwood County, and the grand jury were summoned, was unconstitutional so far as it authorized an indictment or trial there of an offence previously committed in Brown County; that it was in effect an *ex post facto* law, and, therefore, within the inhibition of the Federal Constitution.

*Mr. F. R. E. Cornell, Attorney-General of Minnesota, contra.*

Mr. Justice FIELD, after stating the case, delivered the opinion of the court, as follows:

The objection to the act of Minnesota, if there be any,

does not rest on the ground that it is an *ex post facto* law, and, therefore, within the inhibition of the Federal Constitution. It must rest, if it has any force, upon that provision of the State constitution which declares that, "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the county or district wherein the crime shall have been committed, which county or district shall have been previously ascertained by law." But the Supreme Court of the State has held that the act in question is not in conflict with this provision; that the act does not change the district, but merely the place of trial in the district, which is not forbidden.. And it appears that jurors for the trial of criminal offences committed in one of the counties of the several attached together for judicial purposes, are chosen from all the counties; and that this was the law before, as it has been since the passage of the act which is the subject of complaint. Therefore the defendant, had he not secured, by his own motion, a change of venue, would have had a jury of the district in which the crime was committed, and which district was previously ascertained by law.

The ruling of the State court is conclusive upon this court, upon the point that the law in question does not violate the constitutional provision cited.*

Undoubtedly the provision securing to the accused a public trial within the county or district in which the offence is committed is of the highest importance. It prevents the possibility of sending him for trial to a remote district, at a distance from friends, among strangers, and perhaps parties animated by prejudices of a personal or partisan character; but its enforcement in cases arising under State laws is not a matter within the jurisdiction of the Federal courts.

A law changing the place of trial from one county to another county in the same district, or even to a different district from that in which the offence was committed, or the

---

* Randall *v.* Brigham, 7 Wallace, 541; Provident Institution *v.* Massachusetts, 6 Id. 630.

indictment found, is not an *ex post facto* law, though passed subsequent to the commission of the offence or the finding of the indictment. An *ex post facto* law does not involve, in any of its definitions, a change of the place of trial of an alleged offence after its commission. It is defined by Chief Justice Marshall, in *Fletcher* v. *Peck*,* to be a law, "which renders an act punishable in a manner in which it was not punishable when it was committed;" and in *Cummings* v. *Missouri*,† with somewhat greater fulness, as a law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed; or changes the rules of evidence, by which less or different testimony is sufficient to convict than was then required."

The act of Minnesota under consideration has no feature which brings it within either of these definitions.

JUDGMENT AFFIRMED.

---

* 6 Cranch, 138.          † 4 Wallace, 326.