**QUINLAN et al. v. UNITED STATES.**

Circuit Court of Appeals, Fifth Circuit. October 25, 1927.

Rehearing Denied December 5, 1927.

No. 5164.

1. **Criminal law ⟐84(1)—Jury ⟐33(3)— Prosecution in court of new district of crime committed in its territory prior to creation of district held not in violation of Constitution (Const. Amend. 6).**

Prosecution for a crime committed in territory included within a new judicial district, prior to the creation of such district, in the court of that district, *held* not in violation of Const. Amend. 6.

2. **Criminal law ⟐113—Court of new district has jurisdiction of prosecution for crime committed in its territory before its creation from other districts (Judicial Code, §§ 59, 300 [28 USCA §§ 121, 443]).**

The provision of Judicial Code, § 59 (28 USCA § 121), similar to section 300 (28 USCA § 443 [Comp. St. § 1277]), that "whenever any new district * * * shall be established, or any county or territory * * * shall be transferred from one district * * * to another district, * * * prosecutions for crimes and offenses, committed within such district, * * * county or territory prior to such transfer shall be commenced and proceeded with the same as if such new district * * * had not been created," applies only to criminal cases begun before and pending at the time of creation of the new district.

In Error to the District Court of the United States for the Middle District of Georgia; William J. Tilson, Judge.

John Quinlan and others were convicted of violating the National Prohibition Act, and they bring error. Affirmed.

E. W. Maynard and Early W. Butler, both of Macon, Ga., for plaintiffs in error.

B. S. Deaver, U. S. Atty., and Scott Russell, Asst. U. S. Atty., both of Macon, Ga.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The plaintiffs in error were convicted on six counts of an indictment filed in the District Court for the Middle District of Georgia on April 4, 1927. The first count charged that the accused, "on or about the 1st day of January, 1925, in the county of Bibb, state of Georgia, and within the jurisdiction of this court, did willfully, knowingly, and unlawfully conspire and agree together and with each other to commit an offense against the United States, to wit, the offense of violating the National Prohibition Act, in that said defendants did willfully, knowingly, and unlawfully conspire and agree together and with each other that they would unlawfully have and possess whisky, an intoxicating liquor, for the purpose of being sold and bartered in violation of the National Prohibition Act, and that they would unlawfully sell whisky, an intoxicating liquor, in violation of the National Prohibition Act, and that they would unlawfully maintain a building, to wit, a brick garage, at a place known as the Broadway Garage, on Broadway, near Poplar street, in the city of Macon, Georgia, where whisky, an intoxicating liquor, would be unlawfully kept for the purpose of being sold and bartered, and unlawfully sold and bartered, in violation of section 21 of the National Prohibition Act contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States."

The stated overt acts were alleged to have been done on or about stated dates in the months of February and May, 1925. The second count charged unlawful possession of intoxicating liquor for the purpose of being sold or bartered "on or about the 1st day of May, 1925," in said county of Bibb. The third, fourth, and fifth counts charged unlawful sales of whisky in the same county on or about stated dates in March, April, and May, 1925. A demurrer to the indictment was overruled. Testimony introduced in the trial to support the charges contained in the first, second, third, fourth, and fifth counts of the indictment related to occurrences in the year 1925, before the creation of the Middle district of Georgia by the Act of May 28, 1926 (28 USCA § 150). After their conviction the accused filed a motion in arrest of judgment and a motion to set aside the judgment. Those motions were overruled.

[1] It appears from the record that the accused were convicted in the District Court for the Middle District of Georgia of offenses committed before the creation of that district in territory (Bibb county) which was included therein, which territory, prior to the creation of that district, was included in the Southern district of Georgia. For the plaintiffs in error it is contended that such convictions were invalid, because violative of the part of the Sixth Amendment of the Constitution which provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law," and because violative of a provision contained in section 59 of the Judicial Code (28 USCA 121).

The above-quoted provisions of the Sixth Amendment added to the requirement of the second section of article 3 of the Constitution, in respect to crimes committed in the states, that the trial by jury should be had in the state where the crime was committed, the further guaranty, in respect to the place of trial, that the district should have been previously ascertained by law. That provision contains no requirement as to the court in which the accused is to be tried, or as to the district in which the charged crime was committed remaining in existence until the time of the trial, or as it was when the crime was committed. That provision is consistent with the accused being tried by a court which was created after the commission of the crime, and with the place of the commission of the crime being at the time of the trial of the accused in a district having territorial boundaries different from those of the district wherein the crime was committed. The requirement of that provision is complied with if, before the crime was committed, the district in which it was committed was ascertained by law, and the trial is a speedy and public one by an impartial jury of any part of that district. Cook v. United States, 138 U. S. 157, 11 S. Ct. 268, 34 L. Ed. 906; Gut v. State, 9 Wall. 35, 19 L. Ed. 573; Clement v. United States (C. C. A.) 149 F. 305. The record does not show any violation of the constitutional provision which was invoked.

[2] Section 59 of the Judicial Code reads as follows:

"Whenever any new district or division has been or shall be established, or any county or territory has been or shall be transferred from one district or division to another district or division, prosecutions for crimes and offenses committed within such district, division, county, or territory prior to such transfer, shall be commenced and proceeded with the same as if such new district or division had not been created, or such county or territory had not been transferred, unless the court, upon the application of the defendant, shall order the cause to be removed to the new district or division for trial. Civil actions pending at the time of the creation of any such district or division, or the transfer of any such county or territory, and arising within the district or division so created or the county or territory so transferred, shall be tried in the district or division as it existed at the time of the institution of the action, or in the district or division so created, or to which the county or territory is or shall be so transferred, as may be agreed upon by the parties, or as the court shall direct. The transfer of such prosecutions and actions shall be made in the manner provided in the section last preceding."

It appears from the language of that section that, so far as it deals with the situation created by the establishment of a new district, the purpose was to make provision for such criminal and civil cases as, after the creation of the new district, properly could be begun in the District Court for that district. The provision as to civil cases, except as to the manner of transfer, is contained in the second sentence of the section. The language of that sentence unequivocally shows that the only cases it deals with in the event of the creation of a new district are civil actions pending at the time of the creation of such district. The language of the first sentence, so far as it deals with the matter of creating a new district, is consistent with it referring only to criminal cases pending when such district is created. The word "prosecution" properly may be used to describe the proceedings after the indictment is found and returned. The connection in which the plural of that word is used in the first sentence of the section under consideration indicates that what was referred to was criminal cases pending at the time of the creation of the new district and then susceptible of being transferred. It has been authoritatively determined that the word

22 F.(2d)—7

"prosecutions," as used in section 53 of the Judicial Code (28 USCA § 114), has the above indicated meaning. Salinger v. Loisel, 265 U. S. 224, 44 S. Ct. 519, 68 L. Ed. 989; Biggerstaff v. United States (C. C. A.) 260 F. 926.

The provision of section 59, as to transfer of "such prosecutions and actions," contained in its third sentence, indicates that the criminal cases referred to are those pending when the new district is created, with the result that the file of papers therein and all documents pertaining thereto are, at the time of the creation of the new district, outside thereof and susceptible of being transferred thereto. The enactment of some such provision as the above set out one as to criminal cases was necessary or appropriate as to cases pending when a new district is created, and was unnecessary as to cases thereafter brought. To say the least, it would be questionable whether, in the absence of a statute so providing, a court other than that for the new district would have or retain jurisdiction as to crimes committed in territory included in the new district. The provision was appropriate to enable such other court to proceed with cases pending in it when the new district was created, and which could not thereafter properly be begun in that court.

As to criminal cases begun in the District Court for the Middle District of Georgia, the power of that court within the territory of that district was conferred by the provision: "The District Courts shall have original jurisdiction as follows: * * * Second. Of all crimes and offenses cognizable under the authority of the United States." Judicial Code, § 24, par. 2 (28 USCA § 41[2]). That power is not restricted to crimes and offenses committed within the territory of the District after it was created. So far as section 59 of the Judicial Code is pertinent in the instant case, it provides as follows: "Whenever any new district * * * has been or shall be established, * * * prosecutions for crimes and offenses committed within such district * * * shall be commenced and proceeded with the same as if such new district * * * had not been created, * * * unless the court, upon the application of the defendant, shall order the cause to be removed to the new district * * * for trial."

The provision for prosecutions being "commenced and proceeded with the same as if such new district * * * had not been created, * * * unless," etc., is similar to the provision of section 300 of the Judicial

Code (28 USCA § 443; Comp. St. § 1277) : "All offenses committed, and all penalties, forfeitures, or liabilities incurred prior to the taking effect hereof, under any law embraced in, amended, or repealed by this Act, may be prosecuted and punished, or sued for and recovered, in the District Courts, in the same manner and with the same effect as if this Act had not been passed." That Code (section 289 [Comp. St. § 1266]) abolished the Circuit Courts and conferred their jurisdiction on the District Courts. Section 300 referred both to cases brought in the Circuit Courts and cases not begun therein of which those courts had had exclusive jurisdiction. An effect of that provision was to enable the District Courts to proceed with cases pending in the Circuit Courts when the latter were abolished. As to criminal cases pending in the Circuit Courts when they were abolished, or of which those courts had exclusive jurisdiction, the provision of section 300 means that such cases may be dealt with by the District Courts as the Circuit Courts could have dealt with them if those courts had remained in existence and retained their jurisdiction. Section 59 makes provision for criminal cases based on alleged crimes committed in territory detached from the district of the court in which those cases were brought. Section 300 makes provision for cases brought in abolished courts and for cases of which those courts had had exclusive jurisdiction.

Considering the situations dealt with, it seems clear that in each instance the requirement that the cases referred to be proceeded with as if the change effected by statute had not occurred was intended to foreclose the questions as to those cases remaining subject to be proceeded with, notwithstanding such change, and as to the court or courts in which they could be carried on to judgment. That the provision of section 59 as to prosecutions being begun and proceeded with as if the new district had not been created meant merely that jurisdiction of those cases was to be retained by the court in which they were begun, and not that the disposition to be made of those cases was to be entirely unaffected by the creation of the new district, is quite manifest, as that section itself provides for the transfer of such cases to the court for the new district, which, of course, could not have been done if that district had not been created. As section 59 deals with the situation created by transferring part of the territory of an existing district to a newly created one, it well may be inferred that the language of the first sentence of that section, similar to that used in section 300, means that, as to criminal cases pending in the court of the old district when the new district is created, based on charges of crimes committed in the transferred territory, those cases may be proceeded with in the court in which they were instituted, the same as if the new district had not been created, though the places where the charged crimes were committed are no longer within the territorial jurisdiction of that court.

An effect of the provision is to enable the court for the old district to retain jurisdiction of pending criminal cases which properly could not be begun in that court after the creation of the new district. We conclude that that provision does not refer to cases not begun until after a new district was created, and is without effect on the power or jurisdiction of the District Court of the Middle District of Georgia with respect to criminal cases begun therein, whether the crimes charged in those cases were committed before or after the creation of that district. It follows that the conviction on none of the counts was invalid on the ground under consideration.

The ruling on the demurrer to the indictment was not much insisted on as a ground of reversal. Of that ruling it is enough to say that we do not think that the indictment was subject to demurrer on any ground stated. The record shows no reversible error.

The judgment is affirmed.