PERCY LARSON AND OTHERS v. INDEPENDENT SCHOOL DISTRICT NO. 314 AND OTHERS.
STEVEN C. LARSON, A MINOR, BY PERCY LARSON, HIS FATHER AND NATURAL GUARDIAN, AND OTHERS v. JACK PETERSON.

233 N. W. 2d 744.

September 19, 1975—No. 45685.

---

[2] National Bureau of Casualty Underwriters, Standard General Liability Policy (1966).

*Lommen & Cole* and *Phillip A. Cole,* for petitioners.

*Rider, Bennett, Egan, Johnson & Arundel, David F. Fitzgerald,* and *William J. George,* for respondents.

Heard at Special Term by Sheran, C. J., and Otis and Peterson, JJ., and considered and decided by the court en banc.

TODD, JUSTICE.

Petition for writ of prohibition to restrain the district court from enforcing a discovery order which required defendants to provide plaintiffs with all tape-recorded and written statements of nonparty witnesses which had been taken in anticipation of trial.[1] The district court required no showing of good cause or need.

These are consolidated personal injury actions arising out of

---

[1] The use of the writ of prohibition for obtaining review of certain interlocutory orders is approved in Ginsberg v. Williams, 270 Minn. 474, 135 N. W. 2d 213 (1965), and Bellows v. Ericson, 233 Minn. 320, 46 N. W. 2d 654 (1951).

a physical education class accident involving the minor plaintiff, Steven Larson. The accident occurred, the actions were commenced, and the statements at issue were taken before the promulgation by this court of certain amendments to the Rules of Civil Procedure which substantially expanded the scope of discovery.

■ Prior to the amendments, Rule 34, Rules of Civil Procedure, permitted discovery of documents or other tangible things only upon a showing of "good cause." Rule 26.02, Rules of Civil Procedure, wholly immunized written work product of a party's counsel from discovery.

On November 14, 1974, we promulgated amended Rule 26.02 (3), which provides that documents and other tangible items are discoverable upon a showing of need and undue hardship in obtaining them by other means. Statements of nonparty witnesses, however, are discoverable as of right, without the required showing.[2] The order promulgating the rules contained a January 1, 1975, effective date.

On February 4, 1975, plaintiffs moved the trial court for an order requiring production of all taped and written statements of nonparty witnesses in defendants' possession. The trial court granted the motion without requiring plaintiffs to make a showing of any kind.[3]

The only issue is whether the trial court erred in applying amended Rule 26.02(3) to this pending action. Defendants maintain, on both statutory and constitutional grounds, that the amended rule applies only to the discovery of statements taken after the effective date of the rule. Neither the amended rules

---

[2] The amended rule provides in relevant part: "* * * Upon request, a person not a party, or a party, may obtain without the required showing a statement concerning the action or its subject matter previously made by that person who is not a party. If the request is refused, the person may move for a court order."

[3] The trial court actually ordered the production of all statements, whether made by parties or nonparties, but only the statements of nonparties are at issue in this proceeding.

nor the order promulgating them states whether they are to apply to actions pending upon the effective date.

Rule 86.01, Rules of Civil Procedure, provided that the rules when originally promulgated would apply to "further proceedings" in pending actions "except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible, or would work injustice." Rule 86.02 makes similar provision with respect to amendments adopted in 1959 and 1967. Subsequent amendments to the rules have contained no such provision, however.[4] Defendants argue that Rule 26.02(3) as amended should not be construed as applicable to pending cases absent an expression of intent similar to that found in Rule 86.

We construe the amended rule as applicable to pending cases to the extent provided in Rule 86 despite the absence of express language in the amendment or order promulgating it. Minn. St. 645.21, on which defendants rely, is not controlling here.[5] The effective date of a rule of procedure not affecting substantive rights lies solely in the discretion of this court. See, Minn. Const. art. 6, § 1, Minn. St. 480.057, subd. 1. In construing a rule the sole object of inquiry is the intent of this court at the time of promulgation. See, House v. Hanson, 245 Minn. 466, 72 N. W. 2d 874 (1955). Canons of construction concerning legislative intent are of no assistance in this inquiry.

There is ample basis for concluding that the amended rule was intended to apply to pending actions. The language contained in Rules 86.01 and 86.02 is patterned after Rule 86 of the Federal Rules of Civil Procedure. Virtually every substantive amendment to the Federal rules has amended Rule 86 in this fashion or has contained parallel language in the order of promulgation.[6]

---

[4] See, 294 Minn. ix; 283 Minn. xix.

[5] Minn. St. 645.21 provides: "No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature."

[6] See, Wright & Miller, Federal Practice & Procedure, § 3182, and App.

Other jurisdictions having rules of procedure based on the Federal model seem to put their amendments into effect in similar fashion.[7]

■ Application of amended rules to pending actions to the extent fair and feasible does not necessarily depend, however, upon express language in the rule or order of promulgation. In what appears to be the only reported decision to consider the question now before us[8] an Arizona intermediate appellate court held that an amendment to the Rules of Civil Procedure would apply to pending cases despite the fact that their Rule 81, which is comparable to our Rule 86, was not amended and the order of promulgation apparently contained no reference to pending cases. The court based its holding on the language of Rule 81, which had originally put the Arizona rules into effect in that fashion. State v. Watson, 7 Ariz. App. 81, 436 P. 2d 175 (1967).

Rule 1, Rules of Civil Procedure, enjoins us to construe the rules so as "to secure the just, speedy, and inexpensive determination of every action." In accordance with this principle we have held that the rules are to be liberally construed so as to serve the interests of justice and so as to discourage reliance on technicalities and form. Independent School District No. 273 v. Gross, 291 Minn. 158, 190 N. W. 2d 651 (1971); Love v. Anderson, 240 Minn. 312, 61 N. W. 2d 419 (1953). More to the point,

B. The usual language was apparently inadvertently omitted from the 1971 order adopting an amendment to Rule 81. See, Wright & Miller, Federal Practice & Procedure, § 3182, at note 13.

[7] See, e.g., Jensen v. Eames, 30 Utah 2d 423, 519 P. 2d 236 (1974); Wickes Corp. v. Hodge, 7 N. C. App. 529, 172 S. E. 2d 890 (1970).

[8] Gleeman v. Triplett, 301 Minn. 504, 222 N. W. 2d 787 (1974), and Stack v. Stack, 211 N. W. 2d 392 (N. D. 1973), contrary to defendants' suggestion, are not controlling here. Gleeman held only that an amendment to the rules did not apply to actions wholly completed prior to the effective date of the amendment. Stack held that application of a newly amended rule to a particular case was not feasible under language virtually identical to that found in our Rule 86.

we have consistently construed the discovery rules in favor of broad discovery. Christenson v. Christenson, 281 Minn. 507, 162 N. W. 2d 194 (1968); State, by Mattson, v. Boening, 276 Minn. 151, 149 N. W. 2d 87 (1967).

In light of the above principles, we construe the amended rule in question to apply to actions pending on January 1, 1975, except to the extent that the trial court determines its application to a particular case would not be feasible or would work an injustice.

There is no merit to defendants' contention that application of the amendment to witnesses' statements taken prior to the promulgation of the amendment deprives defendants of vested rights of property and privacy in violation of the due process clause of the Fourteenth Amendment to the Federal Constitution. Far from imposing an unconstitutionally retroactive application of the rule, the construction of the amendment we adopt today results in no retroactive application at all.

It is basic that a retroactive law in the constitutional sense is one which impairs vested rights acquired under existing law. See, 50 Am. Jur., Statutes, § 476, quoted in Cooper v. Watson, 290 Minn. 362, 369, 187 N. W. 2d 689, 693 (1971), and Hunt v. Nevada State Bank, 285 Minn. 77, 97, note 19, 172 N. W. 2d 292, 304 (1969), certiorari denied, 397 U. S. 1010, 90 S. Ct. 1239, 25 L. ed. 2d 423 (1970). Rule 26.02 as amended, when applied to pending cases and to the discovery of witnesses' statements taken before its adoption, has no such effect. Defendants argue that they had a reasonable expectation that the witnesses' statements taken by them would remain absolutely private and attempt to raise this expectation to the status of a vested right. Rule 26.02 as amended does not have the effect, however, of granting plaintiffs access to information which would otherwise have been absolutely private, but merely alters the procedure by which such information is discoverable. Plaintiffs could always have obtained the substantial equivalent of these witnesses' statements by taking their depositions under Rule 26.01. As we said in Fish

v. Chicago, St. P. & K. C. Ry. Co. 82 Minn. 9, 11, 84 N. W. 458, 459 (1900), "The right to have one's controversies determined by existing rules of procedure * * * is not a vested right."[9] Thus, we hold that the application of Rule 26.02 as amended to allow discovery of witnesses' statements collected before the effective date of the rule impairs no vested rights of the defendants and thus does not offend the Fourteenth Amendment.

Writ discharged.

[9] See, also, Denver & R. G. W. R. Co. v. Brotherhood of R. R. Trainmen, 387 U. S. 556, 87 S. Ct. 1746, 18 L. ed. 2d 954 (1967); Freeborn v. Smith, 69 U. S. (2 Wall.) 160, 17 L. ed. 922 (1865); Gut v. State of Minnesota, 76 U. S. (9 Wall.) 35, 19 L. ed. 573 (1870); McGee v. International Life Ins. Co. 355 U. S. 220, 78 S. Ct. 199, 2 L. ed. 2d 223 (1957); Hunt v. Nevada State Bank, 285 Minn. 77, 172 N. W. 2d 292 (1969), certiorari denied, 397 U. S. 1010, 90 S. Ct. 1239, 25 L. ed. 2d 423 (1970); Rom v. Calhoun, 227 Minn. 143, 34 N. W. 2d 359 (1948); State v. Baldwin, 62 Minn. 518, 65 N. W. 80 (1895).