William RANDALL, Petitioner,

v.

Honorable Hyam SEGELL, Judge of
District Court, Respondent.

No. 48541.

Supreme Court of Minnesota.

April 7, 1978.

William B. Randall, pro se, County Atty.

Steven C. DeCoster, Asst. County Atty.,
St. Paul, for petitioner.

Heard before PETERSON, KELLY, and
WAHL, JJ., and considered and decided by
the court en banc.

PER CURIAM.

■ The Ramsey County Attorney, by
petition for writ of prohibition, seeks to
restrain the Ramsey County District Court
from requiring in-court attorney supervision at each and every appearance of a
certified law student representing the State
of Minnesota in a criminal matter.[1] The
writ shall issue.

The question is whether the district court
may restrict unsupervised practice beyond
the requirements of Rule 1, Supreme Court
Rules on Certified Law Students. We hold
that it cannot. The student practice rule,
initially promulgated by order of this court
June 27, 1967, now states in pertinent part:

"Any eligible law student in a law
school in this state accredited by the
American Bar Association, may, upon
written approval of the Supreme Court of
Minnesota, interview, advise, negotiate,
and appear in any trial court on behalf of
any indigent person accused of crime, or
may represent any indigent person in a
civil action; or may represent any state,
local, or other governmental unit or agen-

---

1. "The court shall have power to issue to all
courts of inferior jurisdiction * * * writs of
* * * prohibition * * * that are neces-
sary to the execution of the laws and the fur-
therance of justice." Minn.St. 480.04. Writs
of prohibition are issued to restrain action by a
lower court "where it appears that the court is
about to exceed its jurisdiction." *Thermorama,
Inc. v. Shiller,* 271 Minn. 79, 84, 135 N.W.2d 43,
46 (1965).

cy; provided, however, that the conduct of the case is under the *direct* supervision of a member of the State Bar of Minnesota.

" \* \* \* The expression '*direct* supervision' shall be construed to require the personal attendance of the supervising member of the bar during any trial, plea and sentence, or any other critical stage of any proceeding in or out of the courtroom; *provided, however, that the supervising attorney may authorize a student to appear alone in all such proceedings other than the actual trial whenever the supervising attorney shall deem his personal presence unnecessary to insure proper supervision. Such authorization shall be made in writing and shall be available to the court upon request.* In all events representation afforded pursuant to this rule must comply with minimal standards required by the State and Federal Constitutions." (Emphasis supplied.)

The italicized portion of the rule, the first of three amendments,[2] loosened the supervision requirements.

 Adequate, professional supervision of student attorneys by qualified members of the bar is the keystone of the student practice rule. Only by such supervision will the interests of the state, indigent persons, and the student attorneys themselves be properly protected. The experience of the trial courts in this regard will be elicited and carefully weighed in the event further amendment of the rule is considered. Petitioner does not question the authority of the district court to correct abuses in the exercise of the authority of the supervising attorney. Where, however, as here, the Ramsey County Attorney and the Assistant Ramsey County Attorney in charge of the criminal division, by affidavit, refute any imputation of abuse and demonstrate that whenever an attorney's presence is colorably needed—that is, when any matter in-

volving discretion and decision is litigated— an attorney is in fact present, the district court order requiring attorney presence for every appearance of a student attorney, no matter how brief or ministerial, violates this court's rule.

Writ to issue.

---

2. This amendment was adopted September 3, 1974. The second amendment, adopted September 3, 1975, permitted certified law students to represent governmental units or agencies as well as indigent persons and the prosecution. The third amendment, adopted February 17, 1976, restricted student appearances to trial courts.