**Allen Jeffrey BERNSTEIN, petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant,**

No. C3–84–101.

Court of Appeals of Minnesota.

June 26, 1984.

Richard D. Genty, Genty & Eggert, Winsted, for respondent.

Hubert H. Humphrey, III, State Atty. Gen., Linda F. Close, Joel Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by LANSING, P.J., FOLEY, J., and LESLIE, J., with oral argument waived.

FOLEY, Judge.

The state appeals reinstatement of Allen Bernstein's driver's license. The trial court rescinded revocation of Bernstein's license on the ground that Minn.Stat. § 634.15 (1982) violates the state constitutional prohibition against laws embracing more than one subject. We reverse.

## FACTS

Bernstein was arrested for violating Minn.Stat. § 169.121 (1982) (DWI). After being read the implied consent advisory and consulting an attorney, he consented to take a blood test. A registered nurse took the sample and the Bureau of Criminal Apprehension Lab in St. Paul analyzed it. The sample showed an alcohol concentration of .17. Bernstein's license was revoked.

At an implied consent hearing Bernstein objected to the admission of the written blood test report. He argued that Minn. Stat. § 634.15 (1982), which permits introduction of blood sample reports in lieu of live testimony, violates Article IV, § 17 of the Minnesota constitution.

## ANALYSIS

Minn. Const. art. 4, § 17, provides, "[n]o law shall embrace more than one subject, which shall be expressed in its title."

The trial court found that Minn.Stat. § 634.15 violates the Constitution because it was passed as part of Chapter 553, Laws of 1980, an act which also dealt with contracts between cohabiting parties. The chapter is entitled, "[a]n act relating to contracts; making certain legal proceedings unenforceable unless in writing, providing for the admission of certain evidence."

In evaluating whether the statute violates the prohibition against laws embracing more than one subject, we are reminded that the purpose of the restriction is to prevent deception as to the nature and subject of legislative enactments. *Leroy v. Special Ind. School Dist. No. 1 of Minneapolis*, 285 Minn. 236, 172 N.W.2d 764 (1969). The restriction must be liberally construed. A strict adherence to its letter would seriously interfere with the practical business of legislation, and would frequently nullify laws not repugnant to its spirit or meaning. *State v. Gut*, 13 Minn. 341 (1868), *aff'd.* 76 U.S. (Wall.) 35, 19 L.Ed. 573 (1870).

*Johnson v. Harrison*, 47 Minn. 575, 50 N.W. 923 (1891), contains the classic summary of the requirements of the constitutional provision. *Johnson* provides:

> * * * To constitute duplicity of subject, an act must embrace two or more dissimilar and discordant subjects that by no fair intendment can be considered as having any legitimate connection with or relation to each other. * * * All that is required is that the act should not include legislation so incongruous that it could not, by any fair intendment, be considered germane to one general subject.

*Id.*, 47 Minn. at 577–78, 50 N.W. at 924.

Several of the cases cited here are of "ancient vintage." But these early interpretations of the constitution as Minnesota was feeling its way in the early years after statehood have stood the test of time and are still good law.

In light of the standard established by the cited cases, we find that Minn.Stat. § 634.15 does not violate Minn.Const. art. 4, § 17. Although it would have been better practice for the legislature to break Chapter 553 into two separate acts, its provisions are marginally related in that they deal with admissibility of documentary evidence.

## DECISION

We reverse the trial court and uphold the commissioner's revocation of Bernstein's driver's license.