**Richard WIGGIN, as Trustee for the heirs and next-of-kin of Kelly M. Wiggin, deceased, Respondent,**

v.

**APPLE VALLEY MEDICAL CLINIC, LTD., Petitioner, Appellant,**

Stanley A. Leonard, Respondent.

Nos. C7–89–2100, C9–89–2101.

Supreme Court of Minnesota.

Aug. 31, 1990.

Gregory P. Bulinski, Bassford, Heckt, Lockhart, Truesdell & Briggs, P.A., Minneapolis, for appellant.

Reed K. Mackenzie, Mackenzie & Hallberg, Minneapolis, for Richard Wiggin, et al.

John R. McBride, Felhaber, Larson, Fenlon & Vogt, St. Paul, for Stanley A. Leonard.

YETKA, Justice.

This medical malpractice action is before this court on a petition for further review of a court of appeals' decision denying appellant Apple Valley Medical Clinic's petition for a writ of prohibition seeking relief from a district court order compelling disclosure of a statement of its employee, Eric Anderson, M.D. We affirm the court of appeals.

Plaintiff Richard Wiggin's claim arises in part out of an alleged negligent medical treatment provided by Dr. Anderson in failing to diagnose accurately and treat Kelly M. Wiggin's asthma/allergy attack on the day she died, May 2, 1987.

Plaintiff commenced an action against Apple Valley Medical Clinic and Stanley A. Leonard, M.D., but did not join Dr. Anderson as a party. It is alleged that he cannot do so now because the action would be barred by the statute of limitations con-

tained in Minn.Stat. § 541.07(1) (1988) (2–year limitation period for medical malpractice).

The issue thus raised is whether the trial court abused its discretion in ruling that a statement by an employee whose alleged negligence may be imputed to the employer was a nonparty statement and thus discoverable without a showing of substantial need and undue hardship under Minn.R. Civ.P. 26.02(c).

Kelly Marie Wiggin died of acute bronchial asthma within hours after being discharged from the emergency room operated by appellant, Apple Valley Medical Clinic, Ltd. The clinic is a professional association owned by a number of physician/shareholders engaged in family practice. In addition to its regular clinic offices, the clinic owns and operates a 24–hour emergency care facility. At night and on weekends, this emergency room is staffed by resident physicians or other physicians hired by the clinic for that purpose.

On the day Kelly Wiggin died, the physician on duty was Dr. Eric Anderson. Dr. Anderson was an occasional, part-time employee. On the infrequent occasions when he worked at the clinic emergency room, he was paid an hourly wage. He was not an owner, shareholder, or managing partner of the clinic. Dr. Anderson examined Kelly Wiggin on the morning of her death, treated her and sent her home. A few hours later, she died. She was 25 years old and was survived by her husband and a 2–year-old daughter.

A wrongful death action was commenced against the clinic and Dr. Stanley Leonard, a pediatrician in St. Paul. There are allegations of negligence on occasions other than the day of Kelly Wiggin's death. However, plaintiff's claims of negligence do include a claim that Dr. Anderson was negligent in his treatment and discharge of Kelly Wiggin on the day she died.

In response to a written interrogatory, the clinic disclosed the existence of a statement taken from Dr. Anderson. The clinic objected to production of the statement "[o]n the ground that (the request) calls for the production of statements of parties,

which are protected from discovery by Rule 26 * * *." Plaintiff then moved for an order requiring production. At the district court, the clinic opposed production on the grounds that it was a party statement because Dr. Anderson was an agent of defendant and a "managerial-type" employee, not merely a witness.

The clinic presented no evidence to the district court concerning the circumstances under which the statement was obtained and provided no evidence that Dr. Anderson was a "managerial-type" employee. Similarly, no attorney-client or work product privilege was asserted. The clinic relied on the language of Rule 26 that this was the statement of a party and not subject to production. The district court ordered the statement produced.

The court of appeals, by written order, denied petitions for discretionary review and prohibition.

■ Because the trial court has considerable discretion in granting or denying discovery requests in civil actions, we will not disturb a trial court's decision regarding discovery absent a clear abuse of discretion. *Erickson v. MacArthur*, 414 N.W.2d 406, 407 (Minn.1987). Prohibition is appropriate where the trial court has ordered the production of information clearly not discoverable. *Thermorama, Inc. v. Shiller*, 271 Minn. 79, 83–84, 135 N.W.2d 43, 46 (1965).

■ The applicable rule governing the issues raised in this case is Minn.R.Civ.P. 26.02(c), which states:

Subject to the provisions of Rule 26.-02(d) a party may obtain discovery of documents and tangible things otherwise discoverable pursuant to Rule 26.02(a) and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain

the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. *Upon request, a party or other person may obtain without the required showing a statement concerning the action or its subject matter previously made by that person who is not a party.*

(Emphasis added.) This rule permits, without a showing of need and hardship, (1) a party or nonparty to obtain a copy of his or her own previous statement and (2) a party to obtain previous statements made by nonparties. 2 D. Herr & R. Haydock, *Minnesota Practice* § 26.15 (1985); Minn.R.Civ.P. 26.02(c) advisory committee's note (1975).

Plaintiff seeks to obtain a statement of Dr. Anderson, an employee of the clinic who is not a named party to this action. The clinic argues that Rule 26.02(c) bars plaintiff from discovering this statement absent a showing of "substantial need" because the clinic may be held vicariously liable for Dr. Anderson's conduct. Plaintiff argues that the courts below correctly applied Rule 26.02(c) and this court's decision in *Leer v. Chicago, Milwaukee, St. Paul & Pac. Ry. Co.*, 308 N.W.2d 305 (Minn.1981), to compel production of Dr. Anderson's statement.

We believe that our decision in *Leer* dictates our decision here. In *Leer*, a plaintiff sued a railroad in part for negligence in executing a railroad car switching movement. The plaintiff did not bring action against the other members of the switching crew, but sought to discover their statements pursuant to the rule allowing discovery of nonparty statements. *Id.* at 306.

The court concluded: "[I]n the factual setting presented here corporate employees who are not named parties in the litigation are not 'parties' within the meaning of Minn.R.Civ.P. 26.02(3)." *Id.* at 307.

The clinic distinguishes *Leer* on the grounds that there, unlike here, the employees were not direct participants in conduct for which the employer was vicariously liable. The railroad, however, did argue that the employees were "parties" within the meaning of Rule 26.02(3) since it was their negligence the plaintiff sought to impute to the railroad. The court rejected this argument as well as the argument that "the employees could be named as parties at any time."[1] *Leer*, 308 N.W.2d at 307. In support of this conclusion, the court reasoned:

> The meaning of the word "party," when used in the legal sense, is clear: "party" means only the named plaintiff or defendant. *See* Black's Law Dictionary 1010 (5th ed.1979). It would seem self-evident that a statement by an employee who is neither a named plaintiff nor a defendant is a statement of "a person who is not a party," and is therefore discoverable.

*Id.* This definition corresponds with definitions of "party" in other contexts. For example, this court has described a "party" as:

> An actor who participates * * * as an active contestant on the merits for the determination of issues of law or fact, and who by the outcome of the proceeding will be bound and affected either favorably or adversely.

*J.L. Shiely Co. v. Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 252 Minn. 535, 541, 91 N.W.2d 116, 120 (1958). *See also State v. Rock Island Motor Transit Co.*, 209 Minn. 105, 295 N.W. 519 (1940) (one appearing as an actor in and asserting an interest in litigation is a party).

Justice Simonett wrote a concurring opinion in *Leer* stating:

> But it seems to me a different result may obtain under Rule 26 if the employee is, say, an owner of a small, closely held

---

**1.** The Clinic does not claim that the attorney-client privilege protects Dr. Anderson's statement from discovery as the defendants claimed in *Leer*.

business or professional corporation or partnership, and the employee is not just a witness but a participant in conduct for which his corporation or partnership is vicariously liable. * * * To require such employee's statement to be surrendered on request if only his corporation is sued but not if he himself is sued would seem to give undue deference to the corporate veil.

*Id.* at 309–10 (Simonett, J., concurring).

In this action, the trial court's order interpreted the meaning of "party" in Rule 26 consistently with our decision in *Leer* and other common law definitions. Further, here, as in *Leer*, the fact that Dr. Anderson's negligence may be imputed to the clinic does not make him a "party" under Rule 26.02(c). There is no evidence that Dr. Anderson was an owner or partner in the clinic, a fact the *Leer* concurrence suggests might change the result. For these reasons and in light of our direction to lower courts to construe the rules of civil procedure in favor of broad discovery, *Larson v. Independent School District No. 314*, 305 Minn. 358, 233 N.W.2d 744 (1975), the trial court correctly treated Dr. Anderson, not a named party to the action, as a nonparty whose statements the plaintiff may discover without a showing of need or hardship. Accordingly, the trial court did not abuse its discretion in ordering production of Dr. Anderson's statement, and the court of appeals correctly denied the petition for a writ of prohibition.

Appellant asks us to overrule or distinguish *Leer*, arguing that the rule protects statements made by a plaintiff, but not statements made by a corporate defendant. This, therefore, does not treat the parties equally, it is argued. The decision in *Leer* follows our policy of interpreting rules of civil procedure in favor of discovery. We feel that this philosophy is preferable to an interpretation which would limit discovery and require still more judicial time to hear and decide motions to compel discovery. *Leer* was decided only 9 years ago and, before this action, no sincere effort reached this court to alter either that decision or the rule on which it was based. If appellant desires to broaden the available discovery to include evidence in the possession of the plaintiff, that issue should be raised in a proper case or, more appropriately, appellant should take the normal steps to amend the rule. Until that time, this court feels compelled to retain a bright line rule restricting the meaning of "party" to parties named in an action as outlined in *Leer*.

The trial court and the court of appeals are affirmed.

COYNE, Justice (dissenting).

I respectfully dissent. Although I agree with the majority that *Leer v. Chicago, Milwaukee, St. Paul & Pacific Ry.*, 308 N.W.2d 305 (Minn.1981), *cert. denied*, 455 U.S. 939, 102 S.Ct. 1430, 71 L.Ed.2d 650 (1982), can be construed to compel production of Dr. Anderson's statement, I question the wisdom of such a construction, and I would hold the statement protected from discovery even if that decision requires either partial overruler of *Leer* or some clarification.

The factual setting of *Leer* differs more than considerably from that in the instant case. Leer sued his employer but not his co-employees. Despite the reference in *Leer* to the argument that the plaintiff sought to impose vicarious liability on the railroad for the action of its employees, it is not evident from the opinion, either from its statement of facts or from the language of the holding, that any part of Leer's claim was based on the negligence of any of those co-workers whose statements were sought. In other words, Leer's claim did not necessarily rest on the conduct of these co-workers, these "non-parties". Moreover, in dealing with the availability of the attorney-client privilege the court appeared to regard Leer's co-workers as mere witnesses to the accident. In the present case, on the other hand, a plaintiff unrelated to the defendant corporation asserts a cause of action against this defendant based solely on the alleged negligence of Dr. Anderson. Now it may be that the plaintiff's failure to make Dr. Anderson a party defendant was fortuitous, but the title of the case and the language of the complaint imply that Dr. Anderson's absence as a party is the result of a tactical decision

designed to manipulate the Rules of Civil Procedure in a manner calculated to disadvantage the corporate defendant.

In *Larson v. Independent School Dist. No. 313*, 305 Minn. 358, 362, 233 N.W.2d 744, 747 (1975), we said that "the rules are to be liberally construed so as to serve the interests of justice and so as to discourage reliance on technicalities and form." Although the majority in *Leer* relied on that rule of construction to support its determination that Leer's co-workers who were not named parties were not "parties" within the meaning of Minn.R.Civ.P. 26.02(a)(3), 308 N.W.2d at 307, it seems to me that a liberal construction of the rules to serve the interests of justice and to discourage reliance on technicalities requires Dr. Anderson's statement to be accorded the same protection as that of a party.

It is my understanding that we entertained review of the present case because it has for some time been obvious that the decision in *Leer* required some clarification. The accuracy of the observation is borne out by the attempt to apply *Leer* in the circumstances of this case. In my judgment the purpose of the Rules of Civil Procedure is better served by a limitation on the form of discovery proposed in this case. I would grant the petition and issue a writ of prohibition.