BENJAMIN GLEEMAN v. OREN TRIPLETT AND ANOTHER.

222 N. W. 2d 787.

October 4, 1974—No. 44128.

*Firestone, Fink, Krawetz, Miley & Maas, James P. Miley,* and *William W. Fink,* for appellant.

*Douglass, Bell, Donlin, Shultz & Petersen* and *James J. Galman,* for respondents.

Heard before Knutson, C. J., and Kelly, MacLaughlin, and Mulally, JJ., and considered and decided by the court en banc.

PER CURIAM.

This action was brought by plaintiff, Benjamin Gleeman, to recover for personal injuries sustained in an automobile collision on September 10, 1970. The jury returned a special verdict finding plaintiff causally negligent and defendant driver not negligent. Gleeman appeals from denial of his motion for a new trial. We affirm.

The case arises out of a collision at the intersection of Shepard Road and Chestnut Street in the city of St. Paul between a car driven by plaintiff and one driven by defendant Sue East and owned by her father, defendant Oren Triplett. Sue East will be referred to as the defendant herein because her father was involved only because he owned the car.

Shepard Road runs generally east and west, and Chestnut Street enters upon it at a right angle from the north, forming a "T" intersection. At the time of the collision, traffic signals regulating the intersection were flashing yellow for traffic on Shepard Road and flashing red for traffic on Chestnut Street.

Plaintiff, approaching the intersection on Chestnut Street, stopped his car at the intersection in observance of the flashing red light. He testified that while he was stopped, he looked both left and right and observed defendant's car approaching from his left on Shepard Road about 300 feet east, traveling at an estimated speed of 40 to 50 miles per hour. At the same time, he pulled into the intersection.

Defendant testified that while traveling west on Shepard Road at about 40 miles per hour, she noted the "Signal Ahead" sign painted on the pavement of the street at a point established to be 950 feet from the intersection. She further testified that she began her "braking process" about a block and a half from the intersection, and observed plaintiff's car stopped at the intersection when she was about a half block away.[1] She stated she was about one or two car lengths, or 20 to 40 feet, from

---

[1] In relation to this testimony, defendant estimated a block to be about 300 feet long.

the intersection when plaintiff's car moved forward into the intersection. At that point, estimating her speed to be 30 or 35 miles per hour, she applied her brakes hard and tried to turn to the right. The left front of her car then struck the middle of the left side of plaintiff's car.

Plaintiff raises three issues on this appeal: (1) Whether the evidence sustained the jury's finding that the defendant, immediately prior to the accident, was not negligent; (2) whether the trial court's refusal to give the plaintiff's requested instruction on right-of-way was reversible error; and (3) whether the refusal to permit the plaintiff to explain to the jury the effect of their answers to the special verdict questions was reversible error.

1. The question of the sufficiency of the evidence was a fact question to be decided by the jury. No useful purpose would be served in discussing the evidence in detail. Considering the evidence in the light most favorable to the prevailing party, we conclude that it sustains the jury's finding that plaintiff failed to prove defendant negligent.

2. Prior to submission of the case to the jury, plaintiff requested and was denied the following instruction:

"If you find from all of the evidence that Ben Gleeman reached the intersection an appreciable length of time ahead of the defendant and was in actual possession of the intersection, then I do instruct you that Ben Gleeman did then have the right of way."

As a general rule, a new trial will not be granted because of refusal of a proffered instruction if the general charge fairly and correctly states the applicable law. Cameron v. Evans, 241 Minn. 200, 62 N. W. 2d 793 (1954). Right-of-way, the subject of plaintiff's requested instruction, is controlled in this case by Minn. St. 169.20, subd. 3:

"The driver of a vehicle shall stop as required by this chapter at the entrance to a through highway and shall yield the right of way to other vehicles which have entered the intersection from the through highway or which are approaching so closely on the through highway as to constitute an immediate hazard, but the driver having so yielded may proceed, and the drivers of all other vehicles approaching the intersection on the through highway shall yield the right of way to the vehicles so proceeding into or across the through highway."

This statute, along with a definition of "immediate hazard" as used therein, was included in the instructions given the jury. The trial court's instruction constituted a complete and correct statement of the

law on right-of-way applicable to these facts, so that denial of plaintiff's instruction, even assuming that it states the law correctly, is not grounds for a new trial.

3. At the time of the trial of this action in November 1972, Rule 49.01 of the Minnesota Rules of Civil Procedure had been construed to preclude the trial judge from informing the jury of the legal effect of its answers to special verdict questions. McCourtie v. United States Steel Corp. 253 Minn. 501, 93 N. W. 2d 552 (1958). The complementary rule of Johnson v. O'Brien, 258 Minn. 502, 105 N. W. 2d 244 (1960), similarly precluded counsel from doing the same, and plaintiff's counsel in the instant case was so precluded.

On January 5, 1973, this court ordered that Rule 49.01 be amended to read in part as follows:

"(2)   In actions involving Minn. Stat. 1971, Sec. 604.01, the court shall inform the jury of the effect of its answers to the percentage of negligence question and shall permit counsel to comment thereon, unless the court is of the opinion that doubtful or unresolved questions of law, or complex issues of law or fact are involved, which may render such instruction or comment erroneous, misleading or confusing to the jury."

Plaintiff argues that "if it was good law on January 5, 1973, to permit counsel to comment on the effect of the jury's answers to certain questions, it was good law to permit such comment on November 13, 1972."

We disagree. Minn. St. 480.056 provides:

"All present laws relating to pleading, practice, and procedure * * * shall be effective as rules of court until modified or superseded by subsequent court rule * * *."

We conclude that the trial court properly denied counsel the right to comment to the jury on the effect of its special verdict.

Affirmed.