IN RE PETITION OF ROBERT A. SANDT AND OTHERS FOR IMPROVEMENT OF COUNTY DITCH NO. 27, BLUE EARTH COUNTY, v. SWEN L. HYLEN AND ANOTHER.

224 N. W. 2d 342.

October 25, 1974—No. 44481.

*David R. Teigum,* for appellants.

*McLean, Peterson, Sullivan & Haugh, Charles T. Peterson,* and *John R. Thomas,* for respondents.

Heard before Sheran, C. J., and Otis and Todd, JJ., and considered and decided by the court en banc.

PER CURIAM.

Appeal was taken from a jury verdict rendered in ditch proceedings in a second trial on the damages issue. The first trial

resulted in a verdict for appellants in the amount of $35,485 damages. The trial court on motion by remittitur reduced this to $4,075 upon condition that if appellants did not accept the reduction a new trial would be granted. Appellants refused and the second trial resulted in a jury verdict that the benefits exceeded the damages. Appellants seek review of the denial of their motion for a new trial in the second case and review of the order of the court in the first trial granting the remittitur. We affirm.

A detailed statement of the facts is not necessary for the disposition of this case. We have carefully reviewed the records and the proceedings herein. There was substantial conflict in the testimony of the viewers, the expert witnesses, and the owners of the property. No one, including the owners, testified to damages as high as the jury verdict in the first case. A review of the evidence in the first trial indicates that the amount allowed by the trial court, $4,075, was a proper evaluation of the evidence and represented the highest dollar verdict permissible under the evidence, which is the appropriate standard to be applied. We set forth the standard to be applied on evaluating a remittitur in Jangula v. Klocek, 284 Minn. 477, 488, 170 N. W. 2d 587, 594 (1969):

"* * * The requirement of a remittitur is within the trial court's discretion when a motion for a new trial is made pursuant to Rule 59.01(5), Rules of Civil Procedure. The trial judge then takes all of the evidence and circumstances into consideration and can require a remittitur as a condition of denial of the motion if he feels the damages were excessive and influenced by passion and prejudice. This court will overturn that ruling only on a showing that the trial court had abused its discretion.

"* * * In determining whether a verdict is excessive, the trial judge must consider all the evidence, the demeanor of the parties, and the circumstances of the trial, and in his discretion reduce the verdict if its amount is unsupported."

There is no showing here that the trial court had abused its discretion and its order in the first trial is affirmed.[1]

With reference to the verdict in the second trial, whether or not a new trial should be granted on the grounds of excessive or inadequate damages rests in the sound discretion of the trial court and its actions will not be reversed on appeal unless abuse of discretion clearly appears. Cameron v. Evans, 241 Minn. 200, 62 N. W. 2d 793 (1954). Unless the verdict is manifestly and palpably contrary to the evidence viewed in the light most favorable to the prevailing party, it must be sustained. Richie v. Elmquist, 283 Minn. 375, 168 N. W. 2d 332 (1969). Applying these standards we must affirm the trial court on its order in the second trial. This result follows despite the glaring variance in the two verdicts. However, an examination of the record discloses that in the first trial obviously the jury did not accept the testimony of the viewers and in the second trial the jury accepted the testimony of the court-appointed viewers. This is properly a function of the jury.

Affirmed.

---

[1] Respondents sought to attack our review of the remittitur order in the first trial. However, under the rules of civil appellate procedure where appellants rejected the offer of the remittitur and had a second trial with which they were not satisfied, it is proper for this court to consider the review of the order in the first case. Jangula v. Klocek, 284 Minn. 477, 170 N. W. 2d 587 (1969). See, also, Rule 103.04(2), Rules of Civil Appellate Procedure.