Cecilia PARR et al., Appellants,

v.

Arthur CLOUTIER, d.b.a. Fred's Cab, et al., Respondents.

Nos. 49674, 50333.

Supreme Court of Minnesota.

Aug. 29, 1980.

Kurt J. Marben, Curtis L. Charlson, Law Office, Thief River Falls, for appellants.

Stefanson Landberg & Alm and David S. Maring, Moorhead, for respondents.

Heard before OTIS, ROGOSHESKE, and PETERSON, JJ., and considered and decided by the court en banc.

PETERSON, Justice.

The plaintiffs Cecilia and Frank Parr, husband and wife, commenced this action to recover damages occasioned by the alleged negligent operation by defendant Philip Farbo of an automobile owned by his employer Arthur Cloutier, d. b. a. Fred's Cab. The matter was tried to a jury which returned its special verdict finding defendants 60% causally negligent and plaintiff Cecilia Parr 40% causally negligent and assessing plaintiffs' damages in the aggregate of $17,685. Thereafter, the trial court denied plaintiffs' alternative motion for judgment notwithstanding the verdict or a new trial and directed the entry of judgment in favor of plaintiffs in the amount of $10,491 together with costs and disbursements. Upon application of the defendants, the verdict was reduced by $2,894.24, the amount paid to Cecilia Parr by the plaintiffs' automobile insurer, Millbank Mutual Insurance Company. Plaintiffs now seek review of the order denying their post–trial motion and of the order reducing the amount of the judgment, and defendants challenge the determination of the trial court to tax plaintiffs' costs and disbursements against them. We affirm.

The 73–year–old plaintiff Cecilia Parr was injured on October 25, 1977, when, as a pedestrian, she was struck in a Thief River Falls intersection by a taxicab operated by the defendant Farbo. Evidence adduced at trial indicated that she was temporarily rendered unconscious and suffered from contusions, abrasions, and fractures of the radius and ulna of her left arm. Medical procedures and a 1–week hospitalization resulted in medical expenses in the amount of $2,832.59. An expert medical witness

opined that Cecilia had sustained a 20% permanent partial impairment of her left arm as a result of the accident.

■ The plaintiffs initially contend that the trial court erred in refusing to provide the jury with specific instructions relating to the defendant Farbo's alleged violation of designated traffic statutes. However, the record reflects that the general charge to the jury fairly, completely, and correctly stated the applicable principles and was not unduly restrictive so as to require a new trial. *Gleeman v. Triplett*, 301 Minn. 504, 222 N.W.2d 787 (1974).

■ Plaintiffs also suggest that the trial court erred in refusing to instruct the jury that Cecilia was entitled to recover damages for the impairment of her future earning capacity. While this court has authorized such a recovery, the plaintiff must first establish by a fair preponderance of the evidence the extent to which such impairment is likely to occur. *Busch v. Busch Construction Co.*, 262 N.W.2d 377 (Minn. 1977); *Fifer v. Nelson*, 295 Minn. 313, 204 N.W.2d 422 (1973); *Berg v. Gunderson*, 275 Minn. 420, 147 N.W.2d 695 (1966). The record presented amply supports the court's implicit determination that plaintiffs had not sustained that preliminary burden of proof, particularly given the age, general physical condition, and employment history of Cecilia Parr. *See, e. g., LeMay v. Minneapolis Street Railway Co.*, 245 Minn. 192, 71 N.W.2d 826 (1955).

The primary issues raised by the plaintiffs center upon the adequacy of damages and the reduction of the judgment to reflect the payment of economic loss benefits to the plaintiff. They argue that the trial court abused its discretion in denying their motion for a new trial based upon the jury's inadequate award of damages, contending that the gross inadequacy must be indicative of the influence of passion and prejudice. However, this court has stated upon numerous occasions that the trial court is granted the broadest possible discretion to determine whether a new trial is necessary and, absent a clear abuse of that discretion and the existence of most unusual circumstances, its decision will not be reversed. *Fitzer v. Bloom*, 253 N.W.2d 395 (Minn. 1977); *Sandt v. Hylen*, 301 Minn. 475, 224 N.W.2d 342 (1974).

■ While the trial court commented that the damage award was conservative, it was not persuaded that the amount was sufficiently low to justify a new trial. Under all the circumstances of this case, denial of a new trial motion predicated upon that theory does not constitute the requisite abuse of discretion.

■ The plaintiffs finally contend that the reduction of the judgment by an amount representing the economic loss benefits paid by Cecilia's automobile insurer should be in proportion to the jury's apportionment of negligence. In practical effect, they assert that because they are entitled to recover only 60% of the damages assessed, only 60% of the basic economic loss benefits should be deducted from their recovery.

Minn.Stat. 65B.51, subd. 1 (1978), provides in pertinent part as follows:

> With respect to a cause of action in negligence accruing as a result of an injury arising out of the operation, ownership, maintenance, or use of a motor vehicle with respect to which security has been provided as required by Sections 65B.41 to 65B.71, there shall be deducted from any recovery the value of basic or optional economic loss benefits paid or payable or which will be payable in the future, or which would be payable but for any applicable deductible.

That statute contemplates the reduction of the judgment by an amount representing the value of all economic loss benefits paid or payable and is not drafted in terms which would support the interpretation urged by the plaintiffs. Additionally, the construction proposed by the plaintiffs would appear to frustrate one of the stated purposes of the Minnesota No–Fault Automobile Insurance Act, *i. e.*, the coordination of benefits to avoid duplicate recovery. § 65B.42(5). *See generally* Note, *Subrogation and Indemnity Rights Under the Minnesota No–Fault Automobile Insurance*

*Act,* 4 Wm. Mitchell L. Rev. 119, 130–31 (1978).

The defendants' sole contention on appeal is that the court erred in taxing the plaintiffs' costs and disbursements against them when the record reflects that they tendered to plaintiffs a sum in excess of their ultimate recovery. Relying upon Minn. R. Civ. P. 68.02, they assert that the plaintiffs' decision to refuse the tender precludes their recovery of costs and disbursements. It is our view that the district court correctly rejected that argument, commenting that a cumulative reading of Rules 68.-01 and 68.02 required the conclusion that the offer was not timely.

Affirmed.

AMDAHL, J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.