Jeffrey K. LeBARON, et al.,
Respondents,

v.

Robert Edward HANSON, defendant
and third party plaintiff, Appellant,

v.

CITY OF SPRING LAKE PARK, Third
Party Defendant.

Nos. CX–85–347, C2–85–648.

Court of Appeals of Minnesota.

Sept. 10, 1985.

Review Denied Nov. 18, 1985.

William G. Clelland, Minneapolis, for respondents.

Donald A. Wheat, Bloomington, for appellant.

Kent F. Spellman, Bloomington, for third party defendant.

Considered and decided by CRIPPEN, P.J., and SEDGWICK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Respondent Jeffrey K. LeBaron commenced a personal injury action against appellant Robert E. Hanson for injuries sustained in an automobile accident. The jury returned a verdict finding LeBaron and Hanson each 50% negligent. The jury also found that LeBaron sustained $23,000 in damages. The trial court offset the verdict by the no-fault benefits LeBaron received for lost income and medical expenses before reducing the jury award by the 50% negligence attributed to LeBaron. We reverse and remand.

## FACTS

LeBaron and Hanson were involved in a two vehicle accident and LeBaron was injured. He received $6,103.50 for medical expenses and $10,000 for wage loss from his no-fault carrier.

LeBaron then commenced this personal injury action. A jury found him and Hanson each 50% negligent. The jury also found that LeBaron incurred only $3,000 of necessary medical expenses and $20,000 for past wage loss as a result of the accident. The jury did not award any general damages even though it found that LeBaron had sustained a disability for 60 days or more.

The trial court deducted $10,000 for lost income benefits and $3,000 for necessary medical expense benefits from the verdict before reducing the verdict by the 50%

negligence attributed to LeBaron.[1]  Judgment for LeBaron was entered as follows:

| | |
|---|---:|
| Verdict Amount | $23,000 |
| Less No-Fault Benefits | –13,000 |
| | $10,000 |
| Less 50% | – 5,000 |
| Judgment Award | $ 5,000 |

## ISSUE

Did the trial court err when it deducted the no-fault benefits before it reduced the verdict by the percentage of negligence attributed to LeBaron?

## ANALYSIS

Hanson argues the trial court should have deducted the no-fault benefits after reducing the verdict by 50%.

The offset provision states:

Deduction of basic economic loss benefits.  With respect to a cause of action in negligence accruing as a result of injury arising out of the operation, ownership, maintenance or use of a motor vehicle with respect to which security has been provided as required by sections 65B.41 to 65B.71, *there shall be deducted from any recovery the value of basic or optional economic loss benefits paid or payable, or which would be payable but for any applicable deductible.*

Minn.Stat. § 65B.51, subd. 1 (1984) (emphasis added).

This court and the Minnesota Supreme Court have addressed this issue.  In *Parr v. Cloutier*, 297 N.W.2d 138 (Minn.1980), the supreme court concluded that section 65B.51, subd. 1:

contemplates the reduction of the judgment by an amount representing the val-

ue of all economic loss benefits paid or payable * * *.

*Id.* at 140; *see Bartel v. New Haven Township*, 323 N.W.2d 806, 808–09 (Minn.1982). Section 65B.51, subd. 1 must be read in conjunction with Minn.Stat. § 604.01, subd. 5 (1984), which mandates a reduction of recovery by the amount of fault attributable to the injured party prior to any offset for payments previously received.  In *Thompson v. Hill*, 366 N.W.2d 628 (Minn. Ct.App.1985), this court held that the trial court did not err when it deducted the no-fault benefits paid to plaintiff in a wrongful death action *after* it reduced the verdict by the percentage of negligence attributed to the decedent.  *Id.* at 633.

*Parr* has been criticized but not overruled.[2]  In a memorandum, the trial court reasoned that *Parr* has been, in effect, overruled by the supreme court's decision in *Tuenge v. Konetski*, 320 N.W.2d 420 (Minn.1982).  In *Tuenge*, the supreme court concluded the offset provision should not be applied "so as to invade items of damage for which plaintiff has not yet been compensated."  *Id.* at 422.  There, an offset for actual no-fault wage loss benefits paid, which exceeded the amount found reasonably necessary by the jury, could have invaded the jury's award for future loss of earning capacity and pain and suffering.  *Id.*  The court's decision in *Tuenge* did not overrule *Parr*.  It only placed limitations on the amount that can be offset for no-fault benefits paid.

In *Fahy*, we only allowed an offset for $18,000 medical expenses found by the jury even though $40,000 in no-fault medical expense benefits had been paid.  There, the jury included a specific award for medical expenses in addition to general damages.  An offset in an amount in excess of $18,000

---

1.  The $13,000 was arrived at as follows: $10,000 no-fault benefits for wage loss plus $3,000 of necessary medical expenses.  LeBaron's recovery for no-fault medical expense benefits is properly reduced by only the amount found reasonable by the jury.  *See Tuenge v. Konetski,* 320 N.W.2d 420, 422 (Minn.1982); *Fahy v. Templin,* 361 N.W.2d 158, 160 (Minn.Ct.App. 1985), *pet. for rev. denied,* (Minn. Apr. 18, 1985).

2.  *See* M. Steenson, *Minnesota No-Fault Automobile Insurance* 156–58 (1982); *see also* Steenson, *No-Fault in a Fault Context: Tort Actions and Section 65B.51 of the Minnesota No-Fault Automobile Insurance Act,* 2 Wm. Mitchell L.Rev. 109, 127–28 (1976).

could have invaded uncompensated items of damage.

Here, although the no-fault benefits for medical expenses exceeded the amount found reasonably necessary by the jury, Hanson only offset the $3,000 jury award. That was proper. *See Tuenge,* 320 N.W.2d at 422; *Fahy,* 361 N.W.2d at 160.

As to the wage loss benefits, application of the formulae established in *Parr, Bartel,* and *Thompson,* does not result in an invasion of the jury's award for other uncompensated items of damage. LeBaron's no-fault carrier paid only $10,000 for wage loss while the jury awarded $20,000. Although LeBaron was limited by his own no-fault contract from receiving his total wage loss as found by the jury, his limitation on recovery of the additional $10,000 wage loss was the result of his own negligence, not the unfair application of statutory remedies. He is, therefore, fully compensated in accordance with the design of the comparative fault and no-fault statutes. Adoption of the formula proposed by LeBaron and the trial court would frustrate one of the purposes of the No-Fault Act, *i.e.,* the coordination of benefits to avoid duplicate recovery. Minn.Stat. § 65B.42(5) (1984).

## DECISION

The trial court erred when it deducted the no-fault benefits paid to LeBaron before it reduced the verdict by the percentage of negligence attributed to LeBaron. Judgment should have been entered as follows:

| | |
|---|---|
| Verdict Amount | $23,000 |
| Less 50% | −11,500 |
| | $11,500 |
| Less No-Fault Benefits | −13,000 |
| Judgment Award | $ −0− |

We therefore remand this matter to the trial court to enter judgment in favor of Hanson together with his costs and disbursements.

Reversed and remanded.