Robert LARSON, as trustee for the heirs and next of kin of Barbara Ann Larson, Appellant,

v.

The POWDER RIDGE SKI CORPORATION, Respondent.

No. C6-88-781.

Court of Appeals of Minnesota.

Dec. 13, 1988.

Joe E. Thompson, Schmidt, Thompson, Thompson, Johnson & Moody, P.A., Willmar, for appellant.

Louis R. Tilton, Pustorino, Pederson, Tilton & Parrington, Minneapolis, for respondent.

Heard, considered and decided by SCHUMACHER, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

FOLEY, Judge.

This appeal is from the denial of a motion for a new trial made on the basis of the failure of the trial court to give certain requested jury instructions and an alleged error in admitting a ski tow ticket. We affirm.

## FACTS

On January 25, 1986, Barbara Larson was a paying patron at respondent The Powder Ridge Ski Corporation. While using a rope tow, she fell, struck her head

and died. Appellant Robert Larson, as trustee for the heirs and next of kin of Barbara Ann Larson, commenced suit against Powder Ridge.

At trial, the jury found by special verdict that Powder Ridge was not negligent in its care of the rope tow or its path and that decedent was negligent, but that her negligence was not a direct cause of her fall. Larson moved for a new trial, alleging the trial court erred in admitting a ski tow ticket into evidence and in refusing to give requested jury instructions. Larson's motion was denied. He now appeals.

## ISSUES

1. Did the trial court err in admitting the ski tow ticket into evidence?

2. Did the trial court err in refusing to give the requested jury instructions?

## ANALYSIS

■ 1. Larson argues that the trial court erred in admitting a ski tow ticket into evidence and claims that the admission of the ticket was prejudicial error. We disagree. Minn.R.Evid. 103(a) provides in part:

Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

(1) *Objection.* In case the ruling is one admitting evidence a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context;

Here, Larson's objection was timely, and the specific ground of objection was found in the record. Larson, however, has failed to show that admission of the ticket into evidence affects a substantial right. The ticket reads as follows:

The purchaser and user of this ticket assumes and understands that skiing is a hazardous sport, that bare spots, variations in snow, ice and terrain along with bumps, moguls, stumps, forest growth and debris and rocks and many other hazards or obstacles exist within this ski

area. In using the ticket and skiing at the area, such dangers are recognized and accepted whether they are marked or unmarked. The skier realizes that falls and collisions do occur and injuries may result, and therefore assumes the burden of skiing under control at all times.

Larson argues that there was no evidence that decedent saw or read the material printed on the ticket.

We observe, however, that decedent was aware of the risks inherent in the sport of skiing, as the record reflects that she had been a skier for 20 years and she had skiied at Powder Ridge for many years. It would have been reasonable for the jury to have found that she was aware of the hazards connected with skiing and use of the tow.

Larson also argues that by offering the ticket into evidence, Powder Ridge was attempting to show that decedent not only assumed the risk "involving patrons of inherently dangerous sporting events," *Wagner v. Thomas J. Obert Enterprises,* 396 N.W.2d 223, 226 (Minn.1986) (citing *Springrose v. Willmore,* 292 Minn. 23, 24, 192 N.W.2d 826, 827 (1971)), but also the risk of injury as a result of Powder Ridge's "duty to safely supervise [rope tow] activities or to maintain the premises in a safe condition." *Wagner,* 396 N.W.2d at 226. "Negligent maintenance and supervision of a [ski resort] are not inherent risks of the sport itself," and it is clear that the language of the ticket does not relieve Powder Ridge of its duty to safely supervise rope tow activities or to maintain the ski area in a safe condition. *Id.*

Further, the trial court's instruction with respect to the ticket demonstrates its limited use: "Exhibit E (lift ticket) was received only as it might relate to decedent's knowledge of the risk." Accordingly, the trial court properly received the tow ticket into evidence, and Larson's request for a new trial was correctly denied.

2. Larson next argues that the trial court erred by refusing to give his requested jury instructions. When reviewing jury instructions on appeal, we consider the following:

Jury instructions must be construed as a whole and tested from the standpoint of total impact on the jury. Errors are fundamental or controlling if they "destroy the substantial correctness of the charge as a whole," cause a miscarriage of justice or result in substantial prejudice. The granting of a motion for a new trial on the ground of erroneous instructions to the jury rests largely in the sound discretion of the court, and its decision will not be disturbed on appeal unless there has been a clear abuse of that discretion. In the absence of an objection, an error in the instruction may be assigned as a ground for a new trial only if the error is one of "fundamental law or controlling principle."

*Smits v. E-Z Por Corp.*, 365 N.W.2d 352, 354 (Minn.Ct.App.1985) (citations omitted).

### Duty to Inspect Instruction

Larson requested the following instruction regarding the duty to inspect:

The defendant in this case has a duty to use reasonable care to inspect and repair his premises, which includes the tow path used by skiers using the tow rope, and to warn the skiers of any conditions of which they have no knowledge and which may affect their safety, in order to protect them from an unreasonable risk of harm caused by the condition of the premises while they are on the premises.

The trial court refused to give the requested instruction verbatim and instead gave the following instruction:

The defendant had a duty to use reasonable care to maintain the tow path to protect the decedent from an unreasonable risk of harm caused by its condition.

In determining the reasonable care of the Defendant, the following factors may be considered:

\* \* \* \* \* \* \*

5. The reasonableness of the inspection, repair, or warning.

6. The opportunity and ease of repair or correction or the giving of the warning.

We hold that the trial court did not err in refusing to give this instruction. The Minnesota Supreme Court has held:

In general, it is not error to refuse instructions whose substance is adequately contained in the general charge or instructions without support in the evidence.

*Woodrow v. Tobler*, 269 N.W.2d 910, 917 (Minn.1978).

■ Here, the trial court's jury instruction clearly conveys the substance of the requested instruction regarding inspection and repair. If a trial court's instruction contains a complete and correct statement of the law, denial of the requested instruction, even if such instruction accurately states the law, is not ground for a new trial. *Gleeman v. Triplett*, 301 Minn. 504, 506–07, 222 N.W.2d 787, 788 (1974).

### Degree of Care Instruction

■ Larson argues that it was error for the trial court to refuse to instruct the jury that Powder Ridge, as a ski rope tow operator, owed decedent a high degree of care. The trial court instead gave the following reasonable care instruction:

The Defendant had a duty to use reasonable care to maintain the tow path to protect the decedent from an unreasonable risk of harm caused by its condition.

The trial court gave the following reasons for refusing to hold Powder Ridge to the higher degree of care standard:

The instructions pertained to Plaintiff's contention that Defendant's tow rope operation should be classified as a common carrier that owed the Plaintiff a higher duty of care. Relying on *McDaniel v. Dowell*, 26 Cal Rptr. 140, 210 Cal.App.2d 26 (1962), the Court refused to give the requested instructions. In *McDaniel*, the Court held that a tow rope was not a common carrier because the skier's feet remained in contact with the ground and the skier's body remained under her control. Given the factual similarities between *McDaniel* and the case at bar, the Court finds Plaintiff's argument to be without merit.

We concur with the reasoning of the learned trial judge and adopt the decision of the California court in *McDaniel v. Dowell*, 210 Cal.App.2d 26, 26 Cal.Rptr. 140 (1962). There, the court found that a rope tow does not physically carry a skier to the top of a slope, but it is merely an aid furnished to skiers to ease the burden of moving the skier's body up the hill while the skier's feet were still in contact with the ground and the skier's body remained under the skier's control. The court held that the operation was *not* in the nature of a common carrier. *Id.* at 31, 26 Cal.Rptr. at 143. Accordingly, we hold that the trial court did not err in refusing to instruct the jury that Powder Ridge owed decedent a higher degree of care.

*Conditional Higher Degree of Care Instruction*

Although the trial court had already chosen to give the reasonable care instruction based on the *McDaniel* analysis, Larson nonetheless requested the following instruction which the trial court also refused:

> One of the issues in this case is whether the tow path at the place and time of Mrs. Larson's fall was in a condition that made it difficult for Mrs. Larson to maintain reasonable control and balance on her skis. If you find this claim more likely true than not true then you are instructed that the defendant owed to her a high degree of care to make a reasonable inspection to discover any dangerous conditions that may affect her safety and to warn her of the particular hazards created by them or to repair the conditions that caused the hazard.

For the same reasons given for the denial of the higher degree of care instruction, we hold that the trial court's refusal to hold the rope tow operator to the higher standard of care was proper here also.

Jury instructions should be construed as a whole and tested from the standpoint of total impact on the jury. We will not disturb the instructions of the trial court here because there has been no clear abuse of discretion. Larson had the opportunity to argue his motion for a new trial to the trial court, and the trial court, after reviewing the entire trial and Larson's arguments for a new trial, exercised sound discretion. *See Smits*, 365 N.W.2d at 354. As a result, Larson was not prejudiced by the trial court's refusal to give the requested instructions.

DECISION

AFFIRMED.